United States District Court
Southern District of Texas

**ENTERED**

April 20, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JENNIFER LANDHEART, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-21-1559 |
| | § | |
| MIDLAND MORTGAGE, *et al*., | § | |
| | § | |
| Defendants. | § | |

ORDER

Pending before the Court is Defendant CitiMortgage Inc.'s Motion to Dismiss

Plaintiff's Second Amended Petition for Failure to State a Claim Upon Which Relief

May Be Granted (Document No. 31). Having considered the motion, submission,

and appliable law, the Court determines the motion should be granted.

I.  BACKGROUND

This is a contract dispute stemming from a mortgage dispute. In May 1999,

Plaintiff Jennifer Landheart ("Landheart") purchased the property located at 14910

Grandbluff Court, Cypress, Texas 77419 (the "Property"). On May 28, 1999,

Landheart signed a note (the "Note") evidencing a loan (the "Loan") for $120,115.00

from CTX Mortgage Company,[1] and a deed of trust (the "Deed of Trust"). On May

28, 1999, CTX Mortgage Company assigned the Note and the Deed of Trust to First

---

[1] CTX Mortgage Company is not a party to this action.

Nationwide Mortgage Corporation[2] (the "Assignment"). In January 2002, Landheart

filed a Chapter 13 Bankruptcy. On March 1, 2003, Defendant CitiMortgage Inc.

("CitiMortgage") acquired First Nationwide Mortgage Corporation and its rights

under the Note, the Deed of Trust, and the Assignment. In October 2004, Landheart

again filed for bankruptcy. In January 2011, Landheart filed for bankruptcy a third

time, which resulted in a discharge on April 5, 2015.

Between December 29, 2003 and February 29, 2016, Landheart executed five

Loan   Modification   Agreements   (collectively,   the   "Loan   Modification

Agreements"). On December 17, 2003, Landheart entered into the first modification,

under which $29,942.66 was added to the Unpaid Principal Balance (the "UPB") of

the Loan, approximately $116,661.36, bringing the total principal balance to

$146,604.02. On September 1, 2006, Landheart entered into a second modification

in which $31,329.41 was added to the UPB, bringing the total principal balance to

$176,896.33. On January 14, 2009, Landheart entered into a fourth loan modification

where $9,108.48 was added to the UPB, bringing the total principal to $182,738.49.

On May 20, 2010, Landheart entered into a fifth loan modification where $17,320.32

was added to the UPB, bringing the total principal to $204,386.50. On February 23,

2016, Landheart entered into the sixth and final modification where $41,263.28 was

---

[2] First Nationwide Mortgage Company is not a party to this action.

added to the UPB of $202,588.51, bringing the total principal to $243,851.79.  On

August 27, 2018, CitiMortgage assigned the Note and the Deed of Trust to

Defendant Midland Mortgage, a Division of MidFirst Bank ("Midland Mortgage").

Between 2008 and 2016, Landheart entered into three separate subordinate notes and

deeds of trusts (collectively, the "Subordinate Loans") with Secretary of Housing

and Urban Development ("HUD").[3] The total amount of the Subordinate Loans is

$113,504.43.

Based on the foregoing, on March 1, 2021, Landheart brought suit in the

Harris County District Court for the 80th Judicial District asserting claims for: (1)

breach of contract; (2) breach of fiduciary duty; (3) breach of common-law duty of

good faith and fair dealing; and (4) fraud and misrepresentation. On May 12, 2021,

Midland Mortgage removed this action. On September 3, 2021, Landheart amended

her complaint, adding Defendant Mary Beth Gillis, Chief Executive Officer of

Midland Mortgage. On January 10, 2022, CitiMortgage moved to dismiss

Landheart's claims against it. On January 11, 2022, Midland Mortgage moved for

summary judgment. On January 31, 2022, Landheart dismissed her claims against

Mary Beth Gillis and Midland Mortgage. On February 24, 2022, Landheart again

amended her complaint. On March 1, 2022, the Court denied as moot CitiMortgage's

---

[3] HUD is not a party, and the Subordinate Loans are not at issue in this case.

first motion to dismiss. On March 10, 2022, CitiMortgage moved to dismiss the second amended complaint.

## II.  STANDARD OF REVIEW

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels and conclusions.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.' " *In re Katrina Canal Breeches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point

4

of minimum expenditure of time and money by the parties and the court.' " *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

### III.  LAW & ANALYSIS

CitiMortgage contends: (1) Landheart fails to plead sufficient facts to establish a breach of contract; (2) Landheart fails to plead sufficient facts to establish CitiMortgage owed her a fiduciary duty; (3) Landheart fails to plead sufficient facts to establish CitiMortgage owed her a duty of good faith and fair dealing; and (4) Landheart fails to meet the heightened pleading standard for fraud and misrepresentation. The Court first turns to Landheart's breach of contract claim.

*A.    Breach of Contract*

CitiMortgage contends Landheart fails to plead sufficient facts to establish: (1) showing she performed under the Note and the Deed of Trust; and (2) CitiMortgage committed a breach. In Texas, a claim for breach of contract requires proof of: "(1) formation of a valid contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) 'the plaintiff sustained damages as a result of the breach.' " *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 501 n.21 (Tex. 2018).

Here, in her complaint, Landheart contends CitiMortgage failed to "provide the periodic mortgage statements with an accounting of all fees that she owed, starting in 2015 and continuing after the discharge of the [Bankruptcies]," and "the

[D]eed of [T]rust requires disclosure of all aspects of the mortgage account" which she alleges CitiMortgage did not do.[4] However, Landheart does not cite to or otherwise state where this duty is described under the Deed of Trust or any of the other mortgage documents. Under the Deed of Trust, the only contractually required notice CitiMortgage must give to Landheart is in the event CitiMortgage invokes its right to foreclose on the Property.[5] Further, Landheart was given notice of the increases to the principal of the Loan in the Loan Modification Agreements. Each of the Loan Modification Agreements detailed: (1) the current amount of the UPB; (2) the amount being added to the principal Landheart owed under the Note; (3) the new balance of the Loan; and (4) the new interest rate.[6] Landheart does not dispute or otherwise allege the Loan Modification Agreements were executed without her knowledge or consent. Thus, Landheart's claim CitiMortgage added amounts to the principal of the Loan without her notice or consent in unavailing.

---

[4] *Second Amended Petition*, Document No. 29, ¶¶ 19, 21.

[5] *See Defendant CitiMortgage Inc.'s Motion to Dismiss Plaintiff's Second Amended Petition for Failure to State a Claim Upon Which Relief May Be Granted*, Document No. 31, Exhibit A-4 (*The Loan Modification Agreements*).

[6] *See Defendant CitiMortgage Inc.'s Motion to Dismiss Plaintiff's Second Amended Petition for Failure to State a Claim Upon Which Relief May Be Granted*, Document No. 31, Exhibit A-4 (*The Loan Modification Agreements*).

In her complaint, Landheart also contends CitiMortgage "created a second mortgage without her knowledge or consent."[7] However, Landheart does not provide any evidence of this alleged second mortgage. Rather, CitiMortgage presents evidence Landheart entered into the Subordinate Loans with HUD, to which CitiMortgage was not a party.[8] Further, Landheart did not respond to CitiMortgage's motion to dismiss or otherwise provide any evidence CitiMortgage increased the principal amount of the Loan outside of the Loan Modification Agreements, or "created" a second mortgage without Landheart's consent. Failure to respond is taken as a representation of no opposition. S.D. Tex. Local R. 7.4. Therefore, the Court finds Landheart fails to plead any facts showing CitiMortgage breached a contractual duty it owed to Landheart. Accordingly, the motion to dismiss as to Landheart's claim for breach of contract as to CitiMortgage is granted.

## B.     Breach of Fiduciary Duty

CitiMortgage contends, as a matter of law, there is no fiduciary duty owned by a lender to a borrower. Under Texas law, a claim for breach of fiduciary duty requires proof of: "(1) that the plaintiff and defendant had a fiduciary relationship; (2) the defendant breached its fiduciary duty to the plaintiffs; and (3) the defendant's

---

[7] *Second Amended Petition*, Document No. 29, ¶ 21.

[8] *See Defendant CitiMortgage Inc.'s Motion to Dismiss Plaintiff's Second Amended Petition for Failure to State a Claim Upon Which Relief May Be Granted*, Document No. 31, Exhibit A-6 (*The Subordinate Loan Documents*).

breach resulted in injury to the plaintiff." *Williams v. Countrywide Home Loans, Inc.*, 504 F. Supp. 2d 176, 192 (S.D. Tex. 2007) (Rosenthal, J.) (citing *Jones v. Blume*, 196 S.W.3d 440, 447 (Tex. App.—Dallas 2006, pet. denied)). In Texas, an informal fiduciary relationship "may arise where one person trusts in and relies upon another, whether the relationship is a moral, social, domestic, or purely personal one." *Meyer v. Cathey*, 167 S.W.3d 327, 330 (Tex. 2005). "To impose an informal fiduciary duty in a business transaction, the special relationship of trust and confidence must exist prior to, and apart from, the agreement made the basis of the suit." *Associated Indem. Corp. v. CAT Contracting, Inc.*, 964 S.W.2d 276, 288 (Tex. 1998). However, "[m]ere subjective trust does not transform an arm's-length dealing into a fiduciary relationship." *Meyer*, 167 S.W.3d at 331. Importantly, Texas courts have routinely held no fiduciary relationship exists between a borrower and a lender. *Greenway v. Mort. Research Center, LLC*, Civil Action No. H-18-3776, 2019 WL 1930262, at *7 (S.D. Tex. April 30, 2019) (Rosenthal, C.J.) (citing *1001 McKinney Ltd. v. Credit Suisse First Bos. Mort. Capital*, 192 S.W.3d 20, 36 (Tex. App.— Houston [14th Dist.] 2005, pet. denied)).

In her amended complaint, Landheart contends CitiMortgage owes her a fiduciary duty "because of a special relationship . . . based upon her justifiable trust and confidence that included a trust that [CitiMortgage] would handle her mortgage

. . ."[9] However, Texas law clearly states a lender does not owe a fiduciary duty to a borrower, regardless of whether the borrow "subjective[ly] trust[s]" the lender. *See Meyer*, 167 S.W.3d at 331. Additionally, Landheart did not respond to CitiMortgage's motion to dismiss. Failure to respond is taken as a representation of no opposition. S.D. Tex. Local R. 7.4. Thus, the Court finds Landheart fails to establish CitiMortgage owned her a fiduciary duty. Therefore, the Court finds Landheart fails to state a claim upon which relief may be granted as to her claim for breach of fiduciary duty against CitiMortgage. Accordingly, the motion to dismiss as to Landheart's claim for breach of fiduciary duty as to CitiMortgage is granted.

C.      *Breach of Common-Law Duty Good Faith and Fair Dealing*

CitiMortgage contends Landheart fails to plead any facts that would give rise to a duty of good faith and fair dealing. The Texas Supreme Court has repeatedly held a duty of good faith and fair dealing is not imposed in every contract, but rather only in contracts between parties with a special relationship marked by shared trust or an imbalance in bargaining power. *Federal Deposit Ins. Corp. v. Coleman*, 795 S.W.2d 706, 708–09 (Tex. 1990). "The relationship of mortgagor and mortgagee ordinarily does not involve a duty of good faith." *Id.* (citing *English v. Fischer*, 660 S.W.2d 521, 522 (Tex. 1990)). "Under Texas law, absent [language that creates a

---

[9] *Second Amended Petition*, Document No. 29, ¶ 23.

duty of good faith and fair dealing] in the contract, a mortgagor[-]mortgagee relationship does not imply a duty of good faith." *Wiley v. U.S. Bank, N.A.*, Civil Action No. 3:11-CV-1241-B, 2012 WL 1945614, at *7 (N.D. Tex. May 30, 2012) (Boyle, J.) (citing *Fantroy v. Countrywide Home Loan, Inc.*, No. 3:06-CV-1889-K, 2007 WL 2254941, at *3 (N.D. Tex. July 24, 2007)).

In her complaint, Landheart contends every contract imposes a duty of good faith and fair dealing, and CitiMortgage breached its duty of good faith and fair dealing when it did not provide "notice of the Landheart's obligations on the mortgage as she was not aware of the basis of the $97,247.77 that has been added to the principal of her mortgage, nor of the second mortgage that was placed against her without her knowledge or consent."[10] However, the law in Texas rejects the notion a duty of good faith and fair dealing is automatically imposed in the mortgagor-mortgagee context. *Coleman*, 795 S.W.2d at 708–09. Further, Landheart does not point to any provision in the Note, the Deed of Trust, or any of the Loan Modification Documents which create a duty of good faith and fair dealing with respect to the performance any contract. Rather, Landheart did not respond to CitiMortgage's motion to dismiss at all. Failure to respond is taken as a representation of no opposition. S.D. Tex. Local R. 7.4. Given the lack of such a

---

[10] *Second Amended Petition*, Document No. 29, ¶ 31.

provision, the Court finds Landheart fails to show CitiMortgage owes her a duty of good faith and fair dealing as a result of their relationship as mortgagor-mortgagee. Thus, the Court finds Landheart fails to state a claim upon which relief may be granted as to her claim for breach of the duty of good faith and fair dealing against CitiMortgage. Accordingly, the motion to dismiss as to Landheart's claim for breach of the duty of good faith and fair dealing is granted.

D.      *Fraud and Misrepresentation*

CitiMortgage contends Landheart fails to plead with the required particularity the facts supporting her fraud and misrepresentation claims. To prevail on a fraud claim in Texas, a plaintiff must show: "(1) the defendant made a material representation that was false; (2) the defendant knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth; (3) the defendant intended to induce the plaintiff to act upon the representation; and (4) the plaintiff actually and justifiably relied upon the representation and suffered injury as a result." *JPMorgan Chase Bank, N.A. v. Orca Assets G.P., L.L.C.*, 546 S.W.3d 648, 653 (Tex. 2018) (quoting *Ernst & Young v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001) (internal quotations omitted). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud . . . ." Fed. R. Civ. P. 9(b). This rules requires a plaintiff to plead with "specificity as to the statements (or omissions) considered to be fraudulent, the speaker, when and why the

11

statements were made, and an explanation why they are fraudulent." *Plotkin v. Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005) (citing *Nathenson v. Zonagen*, 267 F.3d 400, 412 (5th Cir. 2001)).

In her complaint, Landheart contends CitiMortgage placed additional charges and increased the principal of her mortgage without "any explanation" and "add[ed] a second mortgage" of which Landheart alleges she had no knowledge.[11] Landheart further alleges CitiMortgage "misrepresented the transactions involved with the mortgage and misrepresented the funds that were applied to the principal."[12] However, Landheart does not plead with any specificity the actual statements she alleges were fraudulent, how those statements were fraudulent, or who made them. Due to this lack of specificity, the Court finds Landheart fails to meet the pleading standard under Rule 9 of the Federal Rules of Civil Procedure as required for her fraud and misrepresentation claims. Accordingly, the motion as to Landheart's fraud and misrepresentation claims is granted.

## IV.  CONCLUSION

Based on the foregoing, the Court hereby

---

[11] *Second Amended Petition*, Document No. 29, ¶ 34.

[12] *Second Amended Petition*, Document No. 29, ¶ 35.

13

**ORDERS** that Defendant CitiMortgage Inc.'s Motion to Dismiss Plaintiff's Second Amended Petition for Failure to State a Claim Upon Which Relief May Be Granted (Document No. 31) is **GRANTED**.

**THIS IS A FINAL JUDGMENT.**

Signed on April 20, 2022, at Houston, Texas.

_____
David Hittner
United States District Judge